**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  H-06-428 S** |
| | § | **(Judge Harmon)** |
| **SYED MAAZ SHAH** | § | |

## UNITED STATES' JURY CHARGE

The United States of America, by and through Donald J. DeGabrielle, Jr. , United States Attorney for the Southern District of Texas, and Shelley J. Hicks and Glenn Cook, Assistant United States Attorneys, hereby requests that the Court give the attached instructions in the Court's charge to the jury in the trial of this matter.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: /s/_____
Shelley J. Hicks/Glenn Cook
Assistant United States Attorneys
Southern District of Texas, Houston Division
P.O. Box 61129
Houston, Texas 77208
Tel (713) 567-9588 or 9559
Fax (713) 718-3390

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  H-06-428** |
| | § | **(Judge Harmon)** |
| **SYED MAAZ SHAH** | § | |

## UNITED STATES' PROPOSED INSTRUCTIONS TO THE JURY

**Introduction to Final Instructions**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Fifth Circuit Pattern Instruction 1.03

2

**<u>Duty to Follow Instructions</u>**

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Fifth Circuit Pattern Instruction 1.04

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The Superseding Indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all, [and no inference whatever may be drawn from the election of a defendant not to testify].  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof  beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Fifth Circuit Pattern Instruction 1.05–Modified to add word "superseding"

**Evidence -- Excluding What Is Not Evidence**

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses, exhibits, and any stipulations entered into by the parties.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions.  You must disregard those questions entirely.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice to an attorney because the attorney has made such objections.  Do not speculate as to what the witness would have said if permitted to answer the question.  Also, if certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence, do not consider any of this testimony or evidence in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

5

Fifth Circuit Pattern Instruction 1.06

**<u>Evidence -- Inferences -- Direct and Circumstantial</u>**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence; a verdict can be based on direct or circumstantial evidence, or a combination thereof.

Fifth Circuit Pattern Instruction 1.07

**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses

on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Fifth Circuit Pattern Instruction 1.08

**Confession–Statement–Voluntariness**

Before considering any statement claimed to have been made by a defendant while he was in custody you should consider whether the statement was made voluntarily.  In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all other circumstances in evidence surrounding the making of the statement.  If you believe a statement was not voluntary, you should disregard the statement.

Fifth Circuit Pattern Instruction 1.26

**<u>Defendant Not Testifying</u>**

The law does not require a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the defendant's decision not to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Expert Testimony**

During the trial you heard the testimony of Special Agent Gregory "Greg" Alvarez, who has expressed opinions concerning the operability of the firearm charged in the indictment and the interstate travel of that firearm.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Fifth Circuit Pattern Instruction 1.17

**Possession of a Firearm by an Alien Illegally or Unlawfully in the United States (Count One and Count Two)**

Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(1), make it a crime for an alien who is illegally or unlawfully in the United States to possess a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly possessed a firearm, as charged.  The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device;

*Second:* That during the time the defendant possessed the firearm, the defendant was an alien illegally or unlawfully in the United States; and

*Third:* That the possession of the firearm was in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another, or from a foreign country to the United States.

Fifth Circuit Pattern Instruction 2.47–Modified

13

**<u>Possession of a Firearm by an  Alien Admitted to the United States Under a
Nonimmigrant Visa</u> (Count Three and Count Four)**

Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2), make it a crime

for an alien admitted to the United States under a nonimmigrant visa (as that term is

defined in section 101(a)(26) of the Immigration and Nationality Act pursuant to Title 8,

United States Code, Section 1101(a)(26)), to possess a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the

United States has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly possessed a firearm, as charged.  The term

"firearm" means any weapon that will or is designed to or may readily be converted to expel

a projectile by the action of an explosive.  The term "firearm" also includes the frame or

receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive

device;

*Second:* That during the time the defendant possessed the firearm, the defendant

was an alien admitted to the United States under a nonimmigrant visa (as that term is

defined in section 101(a)(26) of the Immigration and Nationality Act (Title 8, United States

Code, Section 1101(a)(26)); and

*Third:* That the possession of the firearm was in or affected interstate or foreign

commerce; that is, before the defendant possessed the firearm, it had traveled at some

time from one state to another, or from a foreign country to the United States.

Fifth Circuit Pattern Instruction 2.47–<u>Modified</u>

14

**<u>Definition of "possession"</u>**

Possession, as that term is used in this case, may be of two kinds: actual possession or constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in  actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

Fifth Circuit Pattern Instruction 1.31

**"Knowingly"–To Act**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Knowingly does <u>not</u> mean that the defendant intended to violate the law, or even that he knew his actions violated the law.

<u>First paragraph</u>:  Fifth Circuit Pattern Instruction 1.37

<u>Second paragraph</u>:  *United States v. Shelton,* 325 F.3d 553, 564 (5th Cir. 2003), citing *United States v. Denis,* 297 F.3d 25, 28-31 (1st Cir. 2002); *United States v. Hancock,* 231 F.3d 557, 561-63 (9th Cir. 2000); *See also*:  *United States v. Dancy,* 861 F.2d 77, 81-82 (5th Cir. 1988); *United States v. Emerson,* 270 F.3d 203, 215-16 (5th Cir. 2001); *United States v. Montero-Camargo*, 177 f.3d 1113, 1120 (9th Cir. 1999), *opinion withdrawn,* 192 F.3d 946, *reinstated by en banc opinion,* 208 F.3d 1122, 1127 n.8 (2000)

**<u>Definition of "Nonimmigrant Visa"</u>-**

The term "nonimmigrant visa" means a visa properly issued to an alien as an eligible nonimmigrant by a competent officer.

You are instructed that an F-1 student visa is a "nonimmigrant visa" for purposes of these instructions.

Title 8, United States Code, Section 1101(a)(26)

8 CFR Section 214.2(f)

**<u>Caution–Consider Only Crime Charged</u>**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

Fifth Circuit Pattern Instruction 1.19

**<u>Caution–Punishment</u>**

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

Fifth Circuit Pattern Instruction 1.20

**<u>On or About</u>**

You will note that the Superseding Indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Superseding Indictment.

Fifth Circuit Pattern Instruction 1.18

**Cautionary Instruction During Trial–Transcript of Tape Recorded Conversation**

Exhibits ------------------------------- have been identified as  typewritten transcripts of the oral conversations which can be heard on the recordings received in evidence as Exhibits ---------------------------------------.  The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether each transcript correctly or incorrectly reflects the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recordings themselves as the primary evidence of their own contents; and, if you should determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Fifth Circuit Pattern Instruction 1.42 –Modified; word "tape" removed.

**<u>Single Defendant–Multiple Counts</u>**

A separate crime is charged in each count of the Superseding Indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

Fifth Circuit Pattern Instruction 1.21–Modified by adding "Superseding" to "Indictment"

**Duty to Deliberate–Verdict Form**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Superseding Indictment. Your deliberations will be secret.  You will never have to explain your verdict  to anyone.

It is your duty to consult with one another and to deliberate in an effort  to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duties are to decide whether the government has proved the defendant guilty beyond a reasonable doubt; and, if so, whether the defendant has proved his insanity by clear and convincing evidence.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and  will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided  for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Fifth Circuit Pattern Instruction 1.24–Modified by adding word "Superseding"

SIGNED at Houston, Texas, on this _____ day of _____,

2007.

_____
MELINDA HARMON
United States District Judge
Southern District of Texas

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  H-06-428 S** |
| | § | **(Judge Harmon)** |
| **SYED MAAZ SHAH** | § | |

## <u>VERDICT</u>

## <u>COUNT ONE</u>

We, the jury, find the defendant, Syed Maaz Shah, _____

("Guilty" or "Not Guilty")

of the offense charged in Count One of the Superseding Indictment.


## <u>COUNT TWO</u>

We, the jury, find the defendant, Syed Maaz Shah, _____

("Guilty" or "Not Guilty")

of the offense charged in Count Two of the Superseding Indictment.


## <u>COUNT THREE</u>

We, the jury, find the defendant, Syed Maaz Shah, _____

("Guilty" or "Not Guilty")

of the offense charged in Count Three of the Superseding Indictment.

### **COUNT FOUR**

We, the jury, find the defendant, Syed Maaz Shah, _____
("Guilty" or "Not Guilty")

of the offense charged in Count Four of the Superseding Indictment.

_____        _____
              Date                                                      Foreperson

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of April 2007, a true and correct copy of

the foregoing was provided to:

Frank Jackson
2612 Boll Street
Dallas, TX 75204


/s/_____
Shelley J. Hicks/Glenn Cook
Assistant United States Attorneys