IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. H-06-0428 |
| | } | |
| SAYED MAAZ SHAH | } | |
| *Defendant-Petitioner* | } | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS IN THE INDICTMENT

Pending before the court is Defendant Sayed Maaz Shah's ("Shah's") motion to dismiss the indictment. (Motion Doc. 49.)  Shah is accused of violating Title 18 United States Code Sections 922(g)(5)(A) and (B), prohibiting aliens, unlawfully present in the United States or admitted to the United States on non-immigrant visas, from possessing in or affecting commerce any firearm or ammunition.[1] Shah bases his motion on the doctrine of manufactured jurisdiction, claiming the government manufactured federal jurisdiction by providing him with the Armalite M-15A4 he possessed.  For the following reasons, the court finds the doctrine of manufactured jurisdiction inapplicable to the facts of this case and **ORDERS** that Shah's motion

---

[1] Title 18 United States Code Section 922(g) provides in relevant part as follows:

> (g) It shall be unlawful for any person--
>   (5) who, being an alien--
>     (A) is illegally or unlawfully in the United States; or
>     (B) except as provided in subsection (y)(2), has been admitted to the United States
> under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the
> Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting
> commerce, any firearm or ammunition; or to receive any firearm or ammunition which
> has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g).

(Doc. 49) is **DENIED**.

I. 12(b) Standard

Federal Rule of Criminal Procedure 12(b)(2) allows the court to consider "any defense, objection, or request that the court can determine without a trial on the general issue." This includes questions of law arising from undisputed facts. *See United States v. Covington*, 395 U.S. 57, 60-61 (1969). The court is not limited to the facts alleged in the indictment, but may hold evidentiary hearings and make preliminary findings. *United States v. Flores*, 404 F.3d 320, 324-26 (5th Cir. 2005).

II. Facts

The court held an evidentiary hearing on Shah's motion on May 11, 2007. Shah testified on his own behalf. He stated that in January 2006 he and four men went on a camping trip to Willis, Texas. Shah knew three of the men: Adnan Mirza ("Mirza"), Kobie Williams ("Williams"), and Jim Coats ("Coats"). The fourth man, who Shah later learned was a cooperating source for the FBI, was Malik Mohammed ("Mohammad"). Shah, a self described passionate bass fisherman, testified he believed that the object of the trip was fishing and other innocuous activities. The first night of the trip, however, he learned that the other men had brought various firearms to use over the weekend. According to Shah, Mohammad, who supplied the firearm Shah is charged with possessing, organized the day's shooting activities and brushed off Shah when he inquired whether firing the weapons was legal. Shah also testified that Mohammad said that whatever they did on private property was okay. Shah fired several of the weapons, including the Armalite M-15A4 he is charged with possessing. Shah also went on another trip to Willis with the same men in March 2006. This time he knew the group would be discharging weapons, but testified he believed their activities to be legal based on his earlier conversation with Mohammad.

Because the hearing on Shah's motion was held on short notice, the government was unable to produce the F.B.I. agents who arrested Shah. The government, however, introduced notes taken by the agents shortly after Shah's arrest in November 2006. These notes reveal that Shah advised the agents that he was very interested in weapons; had attended a firearms training camp twice; and was engaging in combat training to prepare for Jihad against oppressive and corrupt governments like the United States.

III. Analysis

Shah's manufactured jurisdiction argument fails for three reasons: first, the Criminal Code provisions Shah is charged with violating are critically different from those to which courts have applied the doctrine; second, Shah cannot show that the government was motivated solely by the desire to manufacture a federal element in an otherwise local crime; and third, Shah knowingly participated in creating the federal nexus.

The two cases Shah cites in support of his motion are distinguishable because they concerned prosecutions under statutes requiring the government to prove that the defendant used some facility of interstate commerce with intent to advance or perform certain unlawful acts. *See United States v. Archer*, 486 F.2d 670 (2d Cir. 1973) (prosecution under 18 U.S.C. § 1952[2]);

---

[2] Title 18 United States Code Section 1952 provides in relevant part:

§ 1952. Interstate and foreign travel or transportation in aid of racketeering enterprises

(a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to--
  (1) distribute the proceeds of any unlawful activity; or
  (2) commit any crime of violence to further any unlawful activity; or
  (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform--
  (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or
  (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.

3

*United States v. Coates*, 949 F.2d 104 (4th Cir. 1991) (prosecution under 18 U.S.C. § 1958[3]). Shah, conversely, has been charged with violating Title 18 United States Code Sections 922(g)(5)(A) and 922(g)(5)(B). *See* n.1 *supra*. Under these provisions, the interstate commerce element is satisfied when the government demonstrates that the firearm was manufactured out of state. *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). This difference is significant because the Fifth Circuit has harmonized *Archer* and *Coates* by stating that both cases concerned a failure of proof. *United States v. Clark*, 62 F.3d 110, 113-14 (5th Cir. 1995). In other words, if the jurisdictional element is created by the government, then it cannot be said that the defendant engaged in the requisite conduct to commit the crime. This is not the case here because there is no allegation that the Government manufactured the firearm Shah possessed.

Shah's motion also fails because there is no evidence that the government provided the firearm solely to manufacture the interstate element of the crime charged. *See United States v. Garret*, 716 F.2d 257, 267-68 (5th Cir. 1983). Because of certain realities, to wit that almost no guns are manufactured in Texas, possession of a firearm in Texas, when that possession is a crime, almost always has an interstate element. Furthermore, in this case the government had an entirely legitimate interest in identifying and apprehending aliens willing to possess firearms in

---

18 U.S.C.A. § 1952.

[3] Title 18 United States Code Section 1958 provides in relevant part:

§ 1958. Use of interstate commerce facilities in the commission of murder-for-hire

(a) Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $ 250,000, or both.

18 U.S.C.A. § 1958.

this country.

Finally, Shah's manufactured jurisdiction argument fails because he knowingly participated in satisfying the interstate element.  During his testimony, Shah conceded that he intentionally possessed the firearm.  This brings this case within the ambit of *United States v. Clark,* where the defendant, at an undercover agent's behest, knowingly transported a stolen vehicle between Texas and Oklahoma.  62 F.3d at 111.  Clark pled guilty, but reserved his right to raise the issue of manufactured jurisdiction on appeal.  The Fifth Circuit upheld Clark's conviction and sentence, holding that the government had not improperly manufactured jurisdiction.  *Id.* at 114. Like Clark, Shah knowingly participated in every element of the crime charged and therefore cannot avail himself of the manufactured jurisdiction defense.

IV. Conclusion

For the aforementioned reasons the court ORDERS that Defendant Shah's motion to dismiss counts in the indictment (Doc. 49) is DENIED.

Signed at Houston, Texas, this 15th day of May, 2007.

_(signature)_
MELINDA HARMON
UNITED STATES DISTRICT JUDGE
